**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 23-4632**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

REGINALD DEWAYNE GRAY,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:22-cr-00218-LCB-1)

───────────────

Submitted:  April 11, 2024                                    Decided:  April 15, 2024

───────────────

Before AGEE and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Charles L. White, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Margaret McCall Reece, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald Dewayne Gray pled guilty, pursuant to a written plea agreement, to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).[*] The district court sentenced Gray to 65 months' imprisonment—a sentence above the advisory Sentencing Guidelines range. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the reasonableness of the district court's decision to impose an upward variance. Although informed of his right to do so, Gray has not filed a pro se supplemental brief, and the Government has elected not to file a brief. We affirm.

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). In conducting this review, we must first ensure that the sentence is procedurally reasonable, "consider[ing] whether the district court properly calculated the defendant's advisory [G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *Id.* (internal quotation marks omitted). If the sentence is free of "significant

---

[*] At the time Gray committed the § 922(g) offense in May 2022, § 924(a)(2) provided a maximum sentence of 10 years' imprisonment. Today, 18 U.S.C. § 924(a)(8) sets forth the applicable statutory maximum sentence of 15 years' imprisonment for violations of § 922(g) committed after June 25, 2022. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022).

procedural error," we then review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence must be "sufficient, but not greater than necessary," to satisfy the statutory purposes of sentencing. 18 U.S.C. § 3553(a).

"Where, as here, the district court imposes a sentence outside of the Guidelines range, [we] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *United States v. Provance*, 944 F.3d 213, 217 (4th Cir. 2019) (internal quotation marks omitted). "Though we may consider the extent of the deviation, we must give due deference to the district court's decision that the . . . § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* (internal quotation marks omitted). "The fact that we might have imposed a different sentence is insufficient to justify reversal of the district court." *Id.*

Here, the district court correctly calculated Gray's advisory Guidelines range, heard argument from counsel, provided Gray an opportunity to allocute, considered the § 3553(a) sentencing factors, and thoroughly explained its reasons for imposing the chosen sentence. The court cited the serious nature and circumstances of the offense, including the extreme recklessness Gray showed by exchanging gunfire with another individual in a populated mall. The court also noted that Gray's criminal history involved numerous other convictions of firearm possession, suggesting a certain pattern of behavior. Although the court acknowledged Gray's troubling childhood, it determined that the other factors weighed in favor of an upward variance and that a sentence of 65 months was sufficient

3

but not greater than necessary to accomplish the goals of sentencing.  Based on these proceedings and the factors identified by the district court, we conclude that Gray's sentence is both procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore affirm the district court's judgment. This court requires that counsel inform Gray, in writing, of the right to petition the Supreme Court of the United States for further review.  If Gray requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Gray.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*